

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 9:06-CR-31** |
| | § | |
| **DAVID SLAUGHTER** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge

for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of

Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea

proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-*

*Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On October 5, 2006, this cause came before the undersigned United States Magistrate

Judge for entry of a guilty plea by the Defendant, David Slaughter, on **Count 1** of the charging

**Information**[1] filed in this cause.  Count 1 of the Information charges that in March 2003, in the

---

[1]  Mr. Slaughter and his attorney executed a wavier of indictment at the plea hearing.

1

Eastern District of Texas, David Slaughter, Defendant herein, did knowingly possess material that contained an image of child pornography and that the image had been shipped in interstate or foreign commerce by any mens, including a computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).  *See Information*.

Defendant, David Slaughter, entered a plea of guilty to Count 1 of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the Defendant personally in open court, the Court determines that Defendant David Slaughter's plea is voluntary and did not result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

d.      That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and

Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 2252A(a)(5)(B).

### STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government presented the following evidence, which was admitted into the record at the plea hearing.  *See Factual Basis and Stipulation.*  If the case proceeded to trial, the Government and Defendant agreed that the Government would prove, beyond a reasonable doubt, each and every essential element of the charging offense.  The Government and the Defendant also stipulated that the Defendant is one and the same person charged in the Information and that the events described in the Information occurred in the Eastern District of Texas.  Specifically, in support, the Government would establish, through the sworn testimony and evidence, the following facts, as stated in the *Factual Basis:*

In March 2003, but in any event prior to April 30, 2003, the Defendant David Slaughter did possess greater than ten images of child pornography and that the defendant used a computer to receive the images and the images involved prepubescent minors under the age of twelve, all of which occurred in the Eastern District of Texas.   Mr. Slaughter admitted that the images were downloaded and, therefore, were shipped and received through interstate commerce.

Veronica Sjolander would testify on behalf of the Government.  Ms. Sjolander is a nurse who specializes in identifying the age of children depicted in photographs.  She would state that the images that investigators found on the computer of the Defendant were indeed images of prepubescent minors.

Detectives from the Lufkin, Texas, Police Department and Detective Mike Jones of the Angelina County, Texas, Sheriff's Department would testify that they received information indicating that the Defendant, David Slaughter, had in his possession a computer that contained images of child pornography.  Detective Otis Almond of the Lufkin Police Department would also testify that he searched David Slaughter's computer and found and retrieved 550 child pornography images.  Finally, the evidence would show that, when questioned by law enforcement officers, Mr. Slaughter admitted that he was in knowing possession of child pornography.

Defendant, David Slaughter, agreed with the above-stated facts. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty.  The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Information** on file in this criminal proceeding.  The Court also recommends that the District Court conditionally accept the plea agreement.[2]  Accordingly, it is further recommended that, Defendant, David Slaughter, be finally

[2]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant

adjudged as guilty of the charged offenses under Title 18, United States Code, Section 2252A(a)(5)(B).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.  *See* FED. R. CRIM. P. 11(c)(3).  If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B).  If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to allocute before the District Court before imposition of sentence.

---

that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

**OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 12nd day of October, 2006.**


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE